UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SCOTT VIAVADA,

      Petitioner,                   Civil No. 5:15-CV-12257
                                    HONORABLE JOHN CORBETT O'MEARA
v.                                 UNITED STATES DISTRICT JUDGE

KENNETH L. MCKEE,

      Respondent,
_____/

OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR
LEAVE TO APPEAL IN FORMA PAUPERIS

      Timothy Scott Viavada, ("Petitioner"), confined at the Bellamy Creek Correctional

Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for

operating or maintaining a controlled substance laboratory involving methamphetamine,

M.C.L.A. 333.7401c(2)(f).  Petitioner was sentenced to serve 15 to 30 years'

imprisonment pursuant to M.C.L.A. 333.7413(2) for being a second drug offender.  For

the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I.  Background**

      Petitioner was convicted following a jury trial in the Gratiot County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

1

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The prosecution presented evidence that at the time of his arrest, defendant was being driven home from Auburn Hills by his girlfriend, Elizabeth Baker, and that during the trip defendant requested that Baker stop at a Home Depot in Owosso, defendant's brother's home in Middleton, and a Wal–Mart in Alma. Defendant made purchases at the two stores. While approaching their home in St Louis, Michigan, defendant instructed Baker to drive past their driveway because something did not feel right. After they passed their driveway, a police officer initiated a traffic stop. Defendant instructed Baker to deny any requests to search the vehicle. Defendant, who had several outstanding warrants, was placed under arrest. The police then searched the vehicle where they found multiple items related to the preparation of methamphetamine including drain cleaner and Coleman fuel under defendant's seat as well as fertilizer spikes, and a man's green jacket with Sudafed in the pocket. A search of defendant's person revealed four batteries and a Wal–Mart receipt for the purchase of Coleman fuel. After obtaining a warrant, the police searched defendant's house, finding evidence of a methamphetamine production laboratory in defendant's upstairs living space. There, police found most of the items needed to complete the second phase of cooking methamphetamine, including a gas generator, coffee filters, Coleman fuel, and remnants of lithium batteries. A plastic vessel at the site had a brown granular substance inside, which was consistent with the cooking process.

*People v. Viavada*, No. 310164, 2014 WL 354651, at *1 (Mich. Ct. App. Jan. 30, 2014).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 496 Mich. 865, 849 N.W.2d 349 (2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Plain error occurred when the prosecution introduced testimonial hearsay of a confidential informant, which violated Viavada's Sixth Amendment right to confront all witnesses against him.

II. The Court of Appeals erred in holding that trial counsel's deficient performance did not prejudice Viavada. There is reasonable probability that the jury would have acquitted Viavada had the testimonial hearsay been excluded by counsel's objection.

2

III. The Court of Appeals erred in holding that the erroneous admission of Ms. Baker's hearsay was harmless.

IV. Resentencing is required where the trial court erred in scoring ten points for OV 14, for being a leader in a multiple offender situation.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

 A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

### III.  Discusssion

**A.  Claims # 1 and # 3.  The Confrontation Clause claims.**

The Court consolidates petitioner's two Confrontation Clause claims for judicial economy.

In his first claim, petitioner alleges that his right to confrontation was violated when Deputy Sheriff Eric Leonard testified to two anonymous statements by a confidential informant.  Deputy Leonard initially testified that "We had a—we had somebody call me, a source that wished to remain anonymous, to give me a tip regarding [petitioner]."  The deputy later testified that this confidential informant told him that petitioner would be coming into the Middleton area with the intention of cooking methamphetamines that night. [1]

In his third claim, petitioner contends that his right to confrontation was violated

---

[1]  Respondent contends that petitioner's first claim is procedurally defaulted because petitioner failed to object at trial.  Petitioner in his second claim alleges that trial counsel was ineffective for failing to object to the admission of these statements.  Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merits of the claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

when Deputy Scott Hackney testified that Baker identified a jacket found inside the car as belonging to petitioner.

The Michigan Court of Appeals noted that the first statement involving the anonymous tip did not violate petitioner's confrontation rights because it was offered merely to show why petitioner was placed under surveillance. *People v. Viavada*, No. 2014 WL 354651, at * 2.  The Michigan Court of Appeals agreed with petitioner that the deputy's second statement that petitioner was planning on manufacturing methamphetamine in Middleton on the night in question was a testimonial statement that was admitted in violation of petitioner's right to confrontation but found the admission of the statement to be harmless error in light of the overwhelming evidence against petitioner. *Id.*  The Michigan Court of Appeals also held that the trial court erred in admitting Baker's out-of-court statement identifying the jacket found in the car as belonging to petitioner but found the admission of this statement to likewise be harmless error. *Id.,* at * 3.

"Unless its jurisdiction is at stake, a federal district court on federal habeas review 'may take up issues in whatever sequence seems best, given the nature of the parties' arguments and the interest in avoiding unnecessary constitutional decisions.'" *Dittrich v. Woods*, 602 F. Supp. 2d 802, 809 (E.D. Mich. 2009); *aff'd in part and rev'd in part on other grds,* 419 Fed.Appx. 573 (6th Cir. 2011)(quoting *Aleman v. Sternes,* 320 F. 3d 687, 691 (7th Cir. 2003)).  When a federal court is confronted with several possible grounds for adjudicating a case, any of which would lead to the same disposition of the case, "a

federal court should choose the narrowest ground in order to avoid unnecessary adjudication of constitutional issues." *Id.* (citing *U.S. v. Allen*, 406 F. 3d 940, 946 (8th Cir. 2005)).  Therefore, a federal district court on habeas review of a state court conviction can proceed directly to a harmless error analysis of a habeas petitioner's claims without first reviewing the merits of the claim or claims, "when it is in the interest of judicial economy and brevity to do so." *Id.* (citing *Porter v. Horn*, 276 F. Supp. 2d 278, 344 (E.D. Pa. 2003).  Because of the compelling evidence of guilt in this case, the Court will move directly to the issue of harmlessness as to any potential error. See e.g. *United States v. Cody,* 498 F. 3d 582, 587 (6th Cir. 2007).

Confrontation Clause violations are subject to harmless error review. *See Bulls v. Jones,* 274 F. 3d 329, 334 (6th Cir. 2001).

On direct review of a conviction, a constitutional error is considered harmless only if the reviewing court finds it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24 (1967).  In *Mitchell v. Esparza*, 540 U.S. 12, 18 (2003)(per curiam), the Supreme Court held that habeas relief would be appropriate only if a habeas petitioner could show that a state court applied harmless error review in an "'objectively unreasonable' manner."

However, in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious

6

effect or influence in determining the jury's verdict.  "Citing concerns about finality, comity, and federalism," the Supreme Court in *Brecht* "rejected the *Chapman* standard in favor of the more forgiving standard of review applied to nonconstitutional errors on direct appeal from federal convictions." *Fry v. Pliler*, 551 U.S. 112, 116 (2007)(citing *Kotteakos v. United States*, 328 U.S. 750 (1946)).  The Supreme Court in *Brecht* indicated that application of the *Chapman* harmless error test by a federal court reviewing a state court conviction on habeas review would undermine a state's "interest in finality," would infringe upon a state's sovereignty over its own criminal matters, "would undercut the historic limitation of habeas relief to those who had been "'grievously wronged,'" and would impose "'significant 'social costs.'" *Fry,* 551 U.S. at 117 (quoting *Brecht,* 507 U.S. at 637).  Thus, *Brecht's* more "forgiving" substantial and injurious effect test for harmless error review applies on habeas review of a state court conviction regardless of whether the state courts engaged in a harmless error analysis of the petitioner's claims. *Fry,* 551 U.S. at 121-22.

In the aftermath of *Fry*, the Sixth Circuit has concluded that the *Brecht* standard is always the test to apply to determine whether an error was harmless and it is thus no longer necessary for a habeas court to ask whether the state court unreasonably applied the *Chapman* harmless error standard before determining whether the error had a substantial and injurious effect or influence on the verdict. *Ruelas v. Wolfenbarger,* 580 F. 3d 403, 412 (6th Cir. 2009); *Wilson v. Mitchell,* 498 F. 3d 491, 503 (6th Cir. 2007); *Vasquez v. Jones*, 496 F. 3d 564, 575 (6th Cir. 2007).  The Sixth Circuit observed that in

7

light of the Supreme Court's holding in *Fry*, "a federal habeas court is never required to determine whether a state court's harmless error determination was 'unreasonable'—*Brecht* handles the work on this, too." *Ruelas*, 580 F. 3d at 412.  However, although noting in *Ruelas* that the Supreme Court's holding in *Fry* "subsumes" the holding in *Esparza*, the Sixth Circuit further observed the Supreme Court did not overrule *Esparza*. *Id.* at 413.  Thus, a federal court on habeas review of a state court decision remains free to determine whether the state court's *Chapman* harmless error analysis was reasonable. If it was, than the claim should be denied. *Id.*  However, a federal court is also free to proceed directly to use the *Brecht* test to determine whether the error was harmless. *Id.*

In determining whether a Confrontation Clause violation is harmless under *Brecht*, a court should consider the following factors: "(1) the importance of the witness' testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross examination otherwise permitted; and (5) the overall strength of the prosecution's case." *See Jensen v. Romanowski,* 590 F. 3d 373, 379 (6th Cir. 2009)(citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)).

In the present case, the admission of the out-of-court statements by the confidential informant and by Baker was harmless error in light of the compelling evidence against petitioner in this case.  In finding the admission of several of the statements to be harmless error, the Michigan Court of Appeals noted that outside of the hearsay statements:

8

565-JCO-APP   Doc # 12   Filed 02/02/16   Pg 9 of 14   Pg ID 565

[t]here was overwhelming evidence of defendant's guilt. Defendant was in a vehicle with every component, aside from water, necessary to complete the first phase of cooking methamphetamine, and some of them were on his person. The police discovered a methamphetamine cooking area in defendant's upstairs living area. It was also demonstrated that defendant sent a postcard to Baker requesting her to lie under oath regarding the activities of which he was accused.

*People v. Viavada*, 2014 WL 354651, at *2.

In addition to this evidence, during a telephone conversation between petitioner and his mother, which was recorded when he was in jail, petitioner stated that the police did not find anything in the house because he had cleaned it the week before. Petitioner also admitted to his mother that various drug components were found in Baker's car. (Tr. I, pp. 187-188; 193-94).

The erroneous admission of the hearsay statements to the various police officers does not warrant federal habeas relief, because the error did not have an injurious effect on the fundamental fairness of the trial, where there was ample evidence besides these statements upon which to base petitioner's drug conviction, and the verdict would not have been different had the statements been excluded. *See Ford v. Curtis,* 277 F. 3d 806, 810 (6th Cir. 2002). Petitioner is not entitled to relief on his first and third claims.

**B.  Claim # 2.  The ineffective assistance of counsel claim.**

In his second claim, petitioner alleges that trial counsel was ineffective for failing to object to the admission of the confidential informant's out-of-court statements.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant

must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

A reviewing court "need not determine whether counsel's performance was deficient ... [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ....". *Strickland*, 466 U.S. at 697.  Thus, if an alleged error by counsel was not prejudicial, a federal court need not determine whether counsel's performance

10

was constitutionally deficient. *See McMeans* v. *Brigano*, 228 F. 3d 674, 686 (6th Cir. 2000)(citing to *Strickland*, 466 U.S. at 697).

This Court has already determined that the admission of the confidential informant's statements to the police was harmless error in light of the overwhelming evidence of petitioner's guilt. "The prejudice prong of the ineffective assistance analysis subsumes the *Brecht* harmless-error review." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009). Because the admission of the confidential informant's out-of-court statements was harmless, petitioner cannot satisfy *Strickland's* prejudice requirement, so as to obtain relief on his ineffective assistance of counsel claim. *See e.g. Bell v. Hurley,* 97 Fed. Appx. 11, 17 (6th Cir. 2004). Petitioner is not entitled to relief on his second claim.

### C. Claim # 4. The sentencing guidelines claim.

Petitioner next contends that Offense Variable (OV) 14 of the Michigan Sentencing Guidelines was incorrectly scored.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in

11

determining his sentence. *Payne v. Smith,* 207 F. Supp. 2d 627, 640 (E.D. Mich. 2002).

Petitioner's claim that the state trial court improperly departed above the correct

sentencing guidelines range would thus not entitle him to habeas relief, because such a

departure does not violate any of petitioner's federal due process rights. *Austin v.*

*Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000). Petitioner is not entitled to relief on his

fourth claim.

    **D.  The pending motions are denied.**

    Petitioner has filed a motion for the appointment of counsel and a motion for oral

argument.

    The Court will deny the motion for the appointment of counsel. There is no

constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441,

444 (6th Cir. 2002). Because petitioner's claims lacked any merit, this Court denies

petitioner's request for the appointment of counsel. See *Lemeshko v. Wrona,* 325 F.

Supp, 2d 778, 787 (E.D. Mich. 2004).

    The Court also denies the motion for oral argument.

    A federal district court can grant oral argument in a habeas case where it would

assist in resolving the matters raised in the habeas petition. *See e.g. Haskell v. Berghuis,*

695 F. Supp. 2d 574, 584 (E.D. Mich. 2010). In light of the fact that this Court has

determined from the pleadings that petitioner is not entitled to habeas relief, the Court

will deny the motion for oral argument. *See Lovely v. Jackson*, 337 F. Supp. 2d 969, 978

(E.D. Mich. 2004).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motion for the appointment of counsel [Dkt. # 3] and the motion for oral argument [Dkt. # 8] are **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


                                        <u>s/John Corbett O'Meara</u>
                                        United States District Judge


Date:  February 2, 2016


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 2, 2016, using the ECF system and/or ordinary mail.


                                        <u>s/William Barkholz</u>
                                        Case Manager

14